United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **CONCEPCION ADRIANA VAZQUEZ-GARCIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-01472** |
| | § | |
| **ORLANDO PEREZ, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Moot, (Dkt. No. 9). Petitioner's counsel advises the Court that Petitioner was removed from the United States to Mexico at approximately 11:00pm on August 19, 2026. (Dkt. No. 10). Petitioner's counsel further represents that Petitioner's Petition, (Dkt. No. 1), was filed a few hours earlier at approximately 1:37pm on August 19, 2026. (Dkt. No. 10).

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at 735. She is not in physical custody of Respondents, and there are no restrictive conditions

on her liberty at this time. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's removal, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1) is **DISMISSED as moot** because Petitioner is no longer detained**.** Further, Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Moot, (Dkt. No. 9) is **GRANTED**. All other relief requested by Petitioner is **DENIED.**

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on August 31, 2026.

John A. Kazen
United States District Judge